UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANISHA CLARK,

                          CASE NO.:
                          **Jury Trial Demanded**

v.

**MIDLAND CREDIT MANAGEMENT, INC.,**
a Kansas corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

TANISHA CLARK files suit against MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, and states as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"); and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

1

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* and the TCPA, 47 U.S.C. § 227 *et seq.* See <u>Mims v. Arrow Fin. Serv., LLC</u>, 132 S.Ct. 740, 753 (2012).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Northern District of Georgia. Plaintiff suffered the injuries in Fulton County, Georgia.

## PARTIES

4. Plaintiff, Tanisha Clark ("Ms. Clark" or "Plaintiff"), is a natural person who resides in Fulton County, Georgia. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "person" as that term is used in 47 U.S.C. § 227.

5. Defendant, Midland Credit Management, Inc., a Kansas corporation ("Midland" or "Defendant"), does business in the State of Georgia, is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6), and is a "person" under 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in September 2013, Ms. Clark began to receive multiple telephone calls from Midland to her cell phone in an attempt to collect a debt (the "Debt"). Midland called and stated that Ms. Clark had a personal obligation on the Debt. Based upon information and belief, as well as Midland's representation, the Debt is a "debt" as defined by 15 U.S.C § 1692a(5).

9. During a telephone conversation with Midland, Ms. Clark told a representative of Midland that she did not owe any debt associated with an account concerning Midland. Ms. Clark also informed Midland that Midland was incorrectly calling her cell phone and instructed Midland to stop calling her cell phone.

10. Based upon information and belief, Plaintiff alleges that Midland dialed the wrong number in an attempt to collect a debt from Ms. Clark that Ms. Clark does not owe.

11. Nevertheless, despite Ms. Clark informing Midland that Defendant was calling a wrong number, Midland continued to repeatedly call Ms. Clark's cell phone in an effort to collect the Debt.

12. Midland placed the calls to Ms. Clark's cell phone using an automated telephone dialing system without Ms. Clark's express consent. This was evidenced when Ms. Clark would answer her cell phone and hear either an automated voice or prerecorded message, a click, beep, or delay prior to Ms. Clark having been connected to an operator.

13. As detailed below, Defendant's conduct constitutes a violation of the FDCPA and TCPA.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT MIDLAND

14. This is an action against Midland for violation of 15 U.S.C. § 1692 *et seq*.

15. Plaintiff re-alleges and incorporates paragraphs 1 through 13, as if fully set forth herein.

16. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

### 15 U.S.C. § 1692d

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

### 15 U.S.C. § 1692e

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

### 15 U.S.C. § 1692f

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

17. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

18. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATIONS OF THE TCPA BY MIDLAND

19. This is an action against Midland for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

20. Plaintiff re-alleges and reincorporates paragraphs 1 through 13, as if fully set forth herein.

21. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

22. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –

7

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

23. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

24. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

25. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

26. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

27. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Midland: (1) finding Midland violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Midland willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

[The remainder of this page is intentionally left blank]

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  July 1, 2016

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:   (813) 336-0832

/s/ Sumeet Shah
**SUMEET SHAH, ESQ.**
Georgia Bar No. 122408
e-mail: sshah@centroneshrader.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF, TANISHA CLARK

I, Tanisha Clark, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____    Date _3/21/2016_
Tanisha Clark

11